UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE RANDEL JOHNSON, V46926,<br><br>Petitioner,<br><br>v.<br><br>G. MATTESON, Warden,<br><br>Respondent. | Case No. 22-cv-03278-CRB  (PR)<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, a state prisoner incarcerated at California State Prison, Solano (CSP – SOL), has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a 2004 conviction and a 2020 resentencing from Monterey County Superior Court.

**BACKGROUND**

Petitioner was convicted by a jury of two counts of attempted first degree robbery in concert, first degree burglary, aggravated assault, transportation of a controlled substance, and misdemeanor assault for offenses that had occurred in 2002 and 2003.  The court found true allegations that petitioner had suffered prior controlled substance convictions and two prior strike convictions and had served prison terms for one prior violent felony conviction and two prior felony convictions.  On June 22, 2004, the court sentenced petitioner to serve a term of 58 years to life in state prison.  Petitioner appealed.

The California Court of Appeal remanded for resentencing with directions to strike one of the one-year prison priors but otherwise affirmed the judgment of the superior court.  On June 5, 2006, the superior court resentenced petitioner to a term of 57 years to life.

In 2014 and again in 2017, petitioner filed petitions in superior court seeking resentencing under Proposition 36.[1] The Monterey County Superior Court denied both petitions, but the California Court of Appeal reversed the denial of the 2017 petition and returned the matter to the superior court. On June 12, 2020, the superior court resentenced petitioner to a term of 50 years to life. Petitioner appealed but the court of appeal affirmed the judgment of the superior court on December 6, 2021, and the California Supreme Court denied review on March 9, 2022.

In 2018, petitioner filed a petition for a writ of habeas corpus in Monterey County Superior Court claiming that newly discovered evidence undermines his 2004 conviction. The superior court and California Court of Appeal denied the petition on June 26, 2018 and October 19, 2018, respectively, and the California Supreme Court denied review on April 10, 2019.

## DISCUSSION

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.   Claims

Petitioner seeks federal habeas corpus relief on two separate grounds. First, petitioner claims that he was denied due process in connection with his 2020 resentencing under proposition 36 because the resentencing court abused its discretion by failing to consider his post-conviction conduct in prison and by failing to exercise its independent judgment. Second, petitioner claims

---

[1] Proposition 36 was approved by California voters in November 2012. It enacted section 1170.126 of the state penal code, which provided: "Any person serving an indeterminate term of life imprisonment imposed [under the Three Strikes law] . . . of a felony or felonies that are not defined as serious and/or violent felonies . . . may file a petition for a recall of sentence, within two years after the effective date of the act that added this section or at a later date upon a showing of good cause, before the trial court 3 that entered the judgment of conviction in his or her case, to request resentencing" under Proposition 36. Cal. Penal Code § 1170.126(b).

that newly discovered evidence – a declaration by petitioner's victim stating that he was pressured by police and lied to implicate petitioner – undermines confidence in his 2004 conviction in violation of due process. Liberally construed, the claims appear arguably cognizable under § 2254 and therefore merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The clerk shall serve by mail a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and respondent must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also

keep the court and all parties informed of any change of address.

**IT IS SO ORDERED**.

Dated:  September 29, 2022

_____
CHARLES R. BREYER
United States District Judge